IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DONALD X. BROWN**                                                                                  **PLAINTIFF**

**V.**                          **CASE NO.: 4:02CV00711-JMM/BD**

**LARRY NORRIS,** *et al.*                                                                        **DEFENDANTS**


**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

II. **Background:**

Plaintiff Donald Brown, a former inmate of the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), originally brought this 42 U.S.C. § 1983 action against several ADC and Correctional Medical Services, Inc. ("CMS") employees. According to allegations in Plaintiff's Complaint and Amended Complaint, Defendants Arnold, Wiginton, and Dodge denied Plaintiff access to his prescribed anti-depressant medication, Nardil, causing him digestion problems, increased blood pressure, and migraine headaches. In addition, Plaintiff alleges that Defendant Coutts denied him treatment for a toe fungus and a swollen knee, refused to refer him to a dentist who could provide him with a mouthpiece, refused to treat his plantar warts, and on one visit subjected him to verbal abuse. Plaintiff claims that Defendant Coutts's failure to treat him appropriately caused him to have pain, difficulty eating and talking, and damaged his teeth. Plaintiff also alleges that Separate Defendant Max Mobley, as director of health and clinical programs, received Plaintiff's grievances and failed to ensure that Plaintiff received the medical treatment needed. Plaintiff originally sought monetary damages from Defendants in their official and individual capacities, claiming that they demonstrated deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights.

The Court recently recommended that the motion for summary judgment filed by Separate Defendants Kimmer Arnold, Lorraine Wiginton, Mary Dodge, and William

Coutts, M.D. (docket entry #171) be granted. On June 30, 2008, the District Court adopted that recommendation (#181). Accordingly, the only remaining party to this action is Separate Defendant Max Mobley. Plaintiff proceeds against Defendant Mobley in his individual capacity.[1]

Defendant Mobley has now moved for summary judgment (#178). In the motion, Defendant Mobley argues that he is entitled to judgment as a matter of law because Plaintiff has failed to present any evidence to support his claim for deliberate indifference. Defendant Mobley specifically contends that: (1) Plaintiff's complaints do not amount to deliberate indifference but are merely disagreements with treatment decisions; (2) Defendant Mobley was not responsible for the treatment decisions made; (3) Plaintiff has not established that any delays in treatment adversely affected him; and (4) respondeat superior may not be used as a theory of recovery in a § 1983 lawsuit. Defendant Mobley attaches his declaration to the motion. The Court concludes that the motion (#178) should be GRANTED.

### III. Discussion:

#### A. *Standards*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R.

---

[1] The Court previously dismissed Plaintiff's claims against Defendant Mobley is his official capacity (#174).

CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a federally protected right and show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).

The Eighth Circuit Court of Appeals has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (citing *Estelle*, 429 U.S. at 104-05).

When an inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should also be measured 'by reference to the effect of delay in treatment.'" *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), abrogation on other grounds recognized by *Reece v. Groose*, 60 F.3d 487, 492 (8th Cir. 1995) (quoting *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Therefore, the inmate "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (quoting *Hill*, 40 F.3d at 1188; see also *Jackson v. Hallazgo*, 30 Fed. Appx. 668 (8th Cir. Mar. 6, 2002)

(unpub. per curiam) (citing *Coleman v. Rahija*, 114 F.3d at 778, 784 (8th Cir. 1997)) ("[a]n inmate's failure to place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs"); *O'Neal v. White*, 221 F.3d 1343 (8th Cir. July 12, 2000) (unpub. per curiam) (citing *Crowley*, 109 F.3d at 502) (concluding that plaintiff's "failure to submit verifying medical evidence to show a detrimental effect from any delay in tests, surgery, or alternative treatments was fatal to his Eighth Amendment claim").

    B.    *Analysis*

Plaintiff claims that Defendant Mobley, as the director of the health and service programs, received Plaintiff's numerous grievances regarding the alleged denial of medical treatment and failed to ensure that Plaintiff received the medial treatment needed. After reviewing the medical records provided by Separate Defendants Arnold, Wiginton, Dodge, and Coutts, the Court found that Plaintiff failed to establish a claim for deliberate indifference against those Defendants. First, Plaintiff failed to offer any evidence establishing that delay in treatment, or medication, had any detrimental effect. Thus, he failed to raise a genuine issue of fact on an essential element of his claim. In addition, with regard to Plaintiff's complaints regarding his toenail fungus, plantar warts, left-knee pain, and tongue bumps, the Court found that Defendants responded to every request made by Plaintiff in a timely fashion. Not only have multiple doctors examined Plaintiff and Plaintiff's medical file, x-rays have been taken. Accordingly, Plaintiff cannot

credibly claim that any of his requests for medical attention were ignored.  As a result, Plaintiff cannot argue that Defendant Mobley, as director of heath of clinical programs, acted with deliberate indifference to Plaintiff's medical needs.  As Defendant Mobley correctly asserts in his motion, to succeed on a medical indifference claim, the claim must be brought against the individual directly responsible for the inmate's medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  Based upon the undisputed evidence in this case, Defendant Mobley was not the person responsible for providing medical treatment or medication to Plaintiff (#180-1).  In addition, the Court previously found that Plaintiff's deliberate indifference claim could not be sustained against those who were directly responsible for treatment decisions.  Accordingly, Defendant Mobley is entitled to judgment as a matter of law on Plaintiff's claims.

IV.     **Conclusion:**

The Court recommends that Defendant Max Mobley's motion for summary judgment (#178) be GRANTED.

DATED this 1st day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE